UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
PERSIDA ZLATKOV and CARLOS ENRIQUE
RUIZ

                                 Plaintiffs,                       No. 22-CV-8757

    -against-

                                                                COMPLAINT

CITIBANK, N.A.,                                            Jury Demanded

                                 Defendant.
_____x

## Introduction

1. Plaintiffs Persida Zlatkov and Carlos Enrique Ruiz ("Plaintiffs"), by and through their attorney, Bromberg Law Office, P.C., against Defendant Citibank, N.A. ("Defendant"), pursuant to the Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1693 *et seq.*, and the rules and regulations thereunder, New York General Business Law § 349, and state common law, respectfully set forth and allege the following based upon information and belief:

## Parties

2. Plaintiffs are residents of New York, New York.

3. Defendant is a national banking association organized pursuant to federal law.

4. Defendant provides banking services to New York residents, including checking and savings accounts, credit card and debit card accounts, and has numerous bank branches located within the State of New York.

## Jurisdiction and Venue

5. This Court has jurisdiction over Plaintiffs' claim pursuant to 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. This court has jurisdiction over Defendant because Defendant has at all times mentioned herein transacted business in the County of New York and elsewhere within the State of New York. The violations of law described herein occurred in the County of New York.

7. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

8. Venue is also proper in this district because the interests of justice require maintenance of this action in this district.

## Facts

9. On October 18, 2021, Plaintiff Zlatkov went to sign into her Citibank online account and saw a "suspicious activity" alert with a number to call to unblock her account.

10. When she called the number, the person she was speaking with claimed he was from Citibank and told Plaintiff Zlatkov that her account was locked due to multiple attempts to log in from abroad.

11. The individual on the phone said that he could set up a secure direct line to Citibank and would need access to Plaintiff Zlatkov's computer to do this, which she provided.

12. The individual on the phone then transferred Plaintiff Zlatkov to his "supervisor," who said that upon review, Plaintiffs' online account was blocked because Citibank was investigating a wire transfer from Vietnam for $100,000 mistakenly routed to her checking account, held jointly with Plaintiff Ruiz and that due to internal procedures, Citibank had to "complete" the transfer through her online account, and retransfer it to the sender in Vietnam.

13. The "supervisor" asked Plaintiff Zlatkov to call Citibank to authorize an initial transfer of $49,000 to Vietcombank.

14. Plaintiff Zlatkov refused, realizing that she was being scammed, and disconnected from the call at around 2:07 pm.

15. At around 2:10 pm, Plaintiff Zlatkov called Citibank Wire Transfer Services to cancel the wire but was placed on hold.

16. After waiting ten minutes, Plaintiff Zlatkov decided to instead call the Citibank Fraud Department and was able to speak with an agent.

17. Plaintiff Zlatkov told the agent about the fraudulent transfer and explained that she had called Wire Transfer Services to cancel the wire but was stuck on hold.

18. Plaintiff Zlatkov also told the agent that she was concerned about the wait time and knew she had to act quickly and was also worried about the security of the bank accounts.

19. The agent told Plaintiff Zlatkov he would put a block on the account and would try to connect her to Wire Transfer Services.

20. The agent then said that Wire Transfer Services was not answering and asked if Plaintiff Zlatkov wanted to stay on hold.

21. After staying on hold for a while, Plaintiff Zlatkov decided to dial Wire Transfer Services from her cell phone, while remaining on hold on her home phone, to see if she could get connected to them faster.

22. Following a total hold time of around 30 to 40 minutes, inclusive of the hold on her home phone, a wire agent answered Plaintiff Zlatkov on her cell.

23. The wire agent explained that the $49,000 transfer had gone through at 2 pm New York time, 1 am October 19 Vietnam time, and that the wire could not be cancelled.

24. The wire agent said that Citibank was in contact with Vietcombank to recall the transfer and assigned Plaintiff Zlatkov's case the following number at around 3pm: CIT211018-008176.

25. On October 27, 2021, Plaintiff Zlatkov called Citibank to inquire about the status of the recall.

26. The agent told Plaintiff Zlatkov that on October 20, 2021, Vietcombank informed Citibank that the credit of $49,000 to the beneficiary was completed on October 19, 2021 and could not be recalled.

27. The agent said to Plaintiff Zlatkov that she did not know the exact time frames of Citibank's recall request, or the recall procedures used.

28. Plaintiff Zlatkov asked the agent why Citibank did not notify her sooner since the amount of the loss was substantial, and the agent said that Citibank was not required to call her, the case was closed, and that Plaintiff's only recourse was to file an Affidavit of Unauthorized Online Wire Transfer.

29. On October 29, 2021, Plaintiff Zlatkov filed the Affidavit of Unauthorized Online Wire Transfer and filed supporting affidavits with the New York City Police Department, the FBI, and the FTC.

30. On November 11, 2021, Citibank Fraud Prevention issued a letter to Plaintiff Zlatkov stating it had completed its investigation of her fraud claim for a return of $49,000 and was denying the claim on the ground that Plaintiff "did not take adequate steps to safeguard her account."

31. On November 18, 2021, Plaintiff Zlatkov called Citibank and asked them to reconsider the denial.

32. The agent denied Plaintiff Zlatkov's request.

33. Plaintiff Zlatkov notified the agent that international wire transfers typically take one to three days to clear, as a safeguard against fraud, and that

5

Citibank's failure to cancel or recall the wire despite Plaintiff's notification of the fraud within 20 minutes of the transfer pointed to gross irregularities.

34. Plaintiff Zlatkov then requested the documents that Citibank relied upon in making its determination, but the agent said that Citibank was not required to provide phone logs or any other documents relevant to their decision, refusing Plaintiff's request.

35. On November 23, 2021, Plaintiff Zlatkov filed a complaint with the Consumer Financial Protection Bureau based on the foregoing facts.

36. On December 1, 2021, Citi Executive Response Team issued a response, stating their "attempt to recall the wire under number CIT211018-008176 on October 19, 2021. . . from the beneficiary bank was denied because the funds had already been depleted," that "it now becomes a legal matter between [Plaintiff] and the receiver," that "[a]s a result, Citibank is unable to further investigate the wire transfer," and that Citibank must therefore "decline [Plaintiff's] request for the return of funds."

37. In a letter dated December 21, 2021, received by Plaintiff Zlatkov on December 27, 2021, Citibank Retail Service Operations informed Plaintiff that: "[w]e have completed our research regarding your request for a wire recall of the wire listed below" ($49,000, Case Number CIT211018-008176), and "the Beneficiary Bank stated that they were unable to return the funds."

38. On or about December 30, 2021, Plaintiff Zlatkov called Citibank and requested documents underlying its December 21 decision, including phone logs and

time frames of the wire recall procedures. Plaintiff's request number was 177513211231.

39. On December 31, 2021, Plaintiff Zlatkov also requested from Citibank an investigation of Citibank's recall procedures referenced in the December 21 letter, in an effort to resolve the matter amicably with Citibank.

40. On February 15, 2022, after waiting 6 weeks, Plaintiff Zlatkov called Citibank for an update of the recall investigation.

41. An Executive Response Team representative said the matter was closed and the last notation on Plaintiffs' account was on January 4, 2022.

42. The representative also said that the December 21 recall letter was merely a procedural confirmation of the November 11 fraud claim denial, and that the two investigations were one and the same.

43. The representative told Plaintiff Zlatkov that her only recourse was to begin court proceedings.

44. On February 16, 2022, Plaintiff Zlatkov called Citibank Wire Transfer Services to restate her documents request from December 30, 2021.

45. Plaintiff Zlatkov was assured that her request would be expedited with the "back office."

46. Wire Transfer Services then transferred Plaintiff Zlatkov to Citibank's Fraud Department, who said Plaintiff could appeal the November 11, 2021 fraud claim denial by filing another Affidavit of Unauthorized Online Wire Transfer.

7

47. On February 18, 2022, Plaintiff Zlatkov filed her second Affidavit of Unauthorized Online Wire Transfer.

48. By letter dated March 8, 2022, received by Plaintiff Zlatkov on March 14, 2022, Citibank Fraud Prevention denied Plaintiff's fraud claim (claim No. 00092404710) stating: ". . .[T]he fraud reported was caused by providing customer account information or authorization for the transactions that were determined to be a scam."

49. As of this filing, Plaintiffs have still not received a refund of the $49,000, nor has Plaintiff Zlatkov received a response to her December 30, 2021 documents request pertaining to Citibank's cancellation and recall procedures.

50. The federal Electronic Fund Transfer Act of 1978 (EFTA), 15 U.S.C. § 1693 *et seq.*, provides "a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). Regulation E (Reg. E) is the set of federal regulations whose stated purpose is to carry out the purposes of the EFTA. 12 C.F.R. § 1005 *et seq.*

51. The EFTA's primary purpose is "the provision of individual consumer rights." 15 U.S.C. § 1693(b).

52. Under the EFTA, a financial institution must follow specific "error resolution" procedures after a consumer disputes an "error," which includes an unauthorized electronic fund transfer. 15 U.S.C. § 1693f(f)(1). The error resolution procedures require that a financial institution "investigate the alleged error, determine whether an error has occurred, and report or mail the results of such

investigation and determination to the consumer within ten business days." 15 U.S.C. § 1693f(a)(3).

53. If a financial institution denies a consumer's claim of error, it must explain its findings and, upon the consumer's request, provide the consumer with copies of the documents it relied upon in its investigation to conclude that an error did not occur. 15 U.S.C. § 1693f(d); 12 C.F.R. § 1005.11(d).

54. Upon information and belief, banks routinely violate the EFTA and Regulation E by imposing liability on customers, particularly lower-income customers, by claiming or implying that customers are responsible for the disputed transactions.

55. A consumer may recover actual damages, plus an additional sum in the $100-$1,000 range, the costs of the action, and a reasonable attorney's fee, for a bank's violations of the EFTA. 15 U.S.C. § 1693m(a)(1)-(3).

56. A court may award treble damages if it finds that a financial institution "did not make a good faith investigation of the alleged error," "did not have a reasonable basis for believing that the consumer's account was not in error", or "knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation." 15 U.S.C. § 1693f(e).

## FIRST CLAIM FOR RELIEF
(Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq.)

57. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

58. This claim arises under the Electronic Fund Transfer Act (EFTA) and Regulation E because it relates to fraudulent and unauthorized electronic fund transfers.

59. The ways in which Defendant violated the EFTA and Regulation E include but are not limited to the following:

   a. Failing to limit Plaintiffs' liability for the fraudulent and unauthorized electronic fund transfer in accordance with the EFTA and Regulation E;

   b. Failing to cancel Plaintiffs' electronic fund transfer when Plaintiff Zlatkov, within the 30-minute safe harbor, attempted to request for a cancellation with Wire Transfer Services but was unable to do so due to hold times outside of her control, in violation of 12 C.F.R. § 1005.34;

   c. Failing to conduct a good-faith investigation after Plaintiff Zlatkov notified the bank of the fraudulent wire transfer;

   d. Failing to provide Plaintiffs, within three business days after the conclusion of the bank's investigation, with an explanation for the bank's findings; and

  e. Failing to provide Plaintiffs with copies of documentation that the bank relied on to reach its determination that the funds could not be returned to Plaintiffs' bank account.

60. These actions are in violation of 15 U.S.C. §§ 1693f and 1693g and 12 C.F.R. §§ 1005.6, 1005.11, and 1005.34.

61. As a direct and proximate result of Defendant's violations of the EFTA and Regulation E, Plaintiffs have sustained actual damages, plus such other damages as may be determined by the court. Plaintiffs are entitled to recover actual damages, plus an additional sum of between $100 to $1000, the costs of the action, and a reasonable attorney's fee. 15 U.S.C. § 1693m.

62. As a direct and proximate result of Defendant's violations of EFTA and Regulation E, Plaintiffs suffered compensable harm, including actual damages and emotional distress.

63. Because Defendant did not make a good faith investigation of the fraud, Plaintiffs are also entitled to recover treble damages under § 1693f(e).

### SECOND CLAIM FOR RELIEF
(N.Y. Gen. Bus. Law § 349)

64. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

65. New York prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state. . . ." N.Y. Gen. Bus. Law § 349(a).

66. An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions." N.Y. Gen. Bus. Law § 349(h).

67. Defendant violated § 349 of the New York General Business Law by using deceptive acts and practices in the conduct of its business.

68. Defendant's violation includes, but is not limited to, representing to Plaintiffs that Citibank had performed a good-faith investigation of her fraud claim, when in fact Citibank did not do so.

69. As a direct and proximate result of Defendant's violations of § 349 of the New York General Business Law, Plaintiffs have sustained actual damages in an amount to be proved at trial and are also entitled to punitive damages, injunctive relief, costs and attorney's fees.

## THIRD CLAIM FOR RELIEF
(Breach of Duty of Good Faith and Fair Dealing)

70. Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

71. Section 1-203 of New York State's Uniform Commercial Code imposes an obligation of good faith in the performance of any contract.

72. Section 4-103 of New York State's Uniform Commercial Code further states that no bank may disclaim responsibility for its own lack of good faith or failure to exercise ordinary care in the performance of its obligations.

73. Furthermore, New York law provides that all contracts contain an implied covenant of good faith and fair dealing in the course of performance.

74. Defendant breached this duty, and indeed acted in bad faith, by holding Plaintiffs liable for the fraudulent wire transfer from their account.

75. As a result of Defendant's breach of the duty of good faith and fair dealing, Plaintiffs are entitled to damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Enter judgment for Plaintiffs on all causes of action;

2. Enter an injunction requiring Defendant to comply with the Electronic Fund Transfer Act and Regulation E, and to train its employees accordingly;

3. Award actual, statutory, consequential, and punitive damages to Plaintiffs;

4. Award reasonable attorney's fees and costs to Plaintiffs; and

5. Award such other and further relief as may be just, equitable, and proper.

## Jury Demand

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated:    New York, New York
          October 14, 2022

                                               Respectfully submitted,
                                               Bromberg Law Office, P.C.

                                          By: /s/ *Brian L. Bromberg*
                                                  Brian L. Bromberg
                                                  Plaintiffs' Attorney

Attorney for Plaintiffs:
Brian L. Bromberg
Bromberg Law Office, P.C.
352 Rutland Road #1
Brooklyn, NY 11225
Tel: (212) 248-7906
Fax: (212) 248-7908
Email: brian@bromberglawoffice.com