UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

PERSIDA ZLATKOV and CARLOS ENRIQUE RUIZ,

             Plaintiffs,

v.

CITIBANK, N.A.,

             Defendant.

------------------------------------- X

Civil Action No.  1-22-cv-8757-CM

Document Filed Electronically

---

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION
TO COMPEL ARBITRATION AND TO STAY THE PROCEEDINGS**

---

Tyler J. Kandel, Esq.
SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000
(212) 643-6500 (fax)
tkandel@sillscummis.com

*Attorneys for Defendant
Citibank, N.A.*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..............................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY.........................................................1

ARGUMENT...................................................................................................................3

**I.**      STANDARD OF REVIEW ..................................................................................3

**II.**     THE FEDERAL ARBITRATION ACT APPLIES TO THIS ACTION............................3

**III.**    PLAINTIFFS ENTERED INTO A VALID ARBITRATION AGREEMENT
         WITH CITIBANK. ...........................................................................................4

**IV.**    PLAINTIFFS' CLAIMS AGAINST CITIBANK FALL WITHIN THE SCOPE OF
         THE ARBITRATION PROVISION .......................................................................5

**V.**     THE GATEWAY ARBITRABILITY ISSUES ARE DELEGATED TO THE
         ARBITRATOR .................................................................................................6

**VI.**    THIS COURT SHOULD COMPEL ARBITRATION AND STAY THIS ACTION
         PENDING ARBITRATION ..................................................................................7

CONCLUSION.................................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allied-Bruce Terminix Cos. v. Dobson*,
   513 U.S. 265 (1995)..................................................................................................................3

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011)..................................................................................................................5

*AT&T Tech., Inc. v. Commc'ns Workers of Am.*,
   475 U.S. 643 (1986)...............................................................................................................5, 6

*Aviall, Inc. v. Ruder System, Inc.*
   913 F. Supp. 826 (S.D.N.Y. 1996) .........................................................................................4

*Bank Julius Baer & Co. v. Waxfield Ltd.*,
   424 F.3d 278 (2d Cir. 2005).....................................................................................................4

*Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*,
   58 F.3d 16 (2d Cir. 1995).........................................................................................................6

*In re Currency Conversion Fee Antitrust Litig.*,
   265 F. Supp. 2d 385 (S.D.N.Y. 2003)......................................................................................3

*Dean Witter Reynolds, Inc. v. Byrd*,
   470 U.S. 213 (1985)..................................................................................................................4

*Espinosa v. SNAP Logistics Corp.*,
   No. 17-6383, 2018 WL 9563311 (S.D.N.Y. Apr. 3, 2018) ......................................................7

*Green Tree Fin. Corp. Ala. v. Randolph*,
   531 U.S. 79 (2000)...................................................................................................................5

*Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp.*,
   246 F.3d 219 (2d Cir. 2001).....................................................................................................6

*Hatemi v. M & T Bank*,
   633 F. App'x 47 (2d Cir. 2016) ...............................................................................................6

*Katz v. Cellco P'ship*,
   794 F.3d 341 (2d Cir. 2015).....................................................................................................7

*Lobel v. CCAP Auto Lease, Ltd.*
   74 Misc. 3d 1230(A) (N.Y.Sup. Ct. 2022)..............................................................................5

*Nicosia v. Amazon.com, Inc.*,
    834 F.3d 220 (2d Cir. 2016)....................................................................................3

*Rent-A-Ctr., W., Inc. v. Jackson*,
    561 U.S. 63 (2010)..................................................................................................7

*Shaw Grp., Inc. v. Triplefine Int'l Corp.*,
    322 F.3d 115 (2d Cir. 2003)....................................................................................7

*Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l, Inc.*,
    198 F.3d 88 (2d Cir. 1999)......................................................................................5

*Starke v. Squaretrade, Inc.*,
    913 F.3d 279 (2d Cir. 2019)....................................................................................4

*Wachovia Bank, N.A. v. VCG Special Opportunities Master Fund, Ltd.*,
    661 F.3d 164 (2d Cir. 2011)....................................................................................3

**Statutes**

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ..................................................1, 3, 4, 5, 7

Defendant, Citibank, N.A. ("Citibank"), respectfully submits this Memorandum of Law, together with the Declaration of Joan Haslam (the "Haslam Decl."), and the exhibits annexed thereto, in support of Citibank's motion for an Order pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"),: (i) compelling Plaintiffs Persida Zlatkov and Carlos Enrique Ruiz ("Plaintiffs") to arbitrate the claims asserted against Citibank in the above-captioned action ("Action"); (ii) staying the Action until such arbitration is complete; and (iii) granting such other and further relief as this Court deems just, proper, and/or equitable.

## PRELIMINARY STATEMENT

This Action concerns purported misconduct by Citibank in connection with a Citibank checking account (the "9339 Account") and an allegedly fraudulent wire transfer therefrom.  In October 2021, Plaintiffs agreed to the terms and conditions of a Client Manual for Consumer Accounts (the "Client Manual"), which governs the 9339 Account and the relationship between Citibank and Plaintiffs.  (Haslam Decl. ¶¶ 8, 10.)  The Client Manual includes a clear and unequivocal provision that requires the arbitration of Plaintiffs' claims against Citibank (the "Arbitration Provision"). (*Id.* ¶ 10, Haslam Decl. Ex. 2 at pg. 59.)  The Arbitration Provision by which Plaintiffs agreed to be bound is valid and enforceable, and Plaintiffs' claims clearly fall within its scope.

Accordingly, Citibank respectfully requests that the Court grant its motion to compel arbitration and to stay the Action pending a determination in the arbitration proceeding.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

In August of 2013, Plaintiffs opened the 9339 Account with Citibank.  (Haslam Decl. ¶ 5.) Subsequently, on October 22, 2021, Plaintiffs opened two more accounts with Citibank (the "1479 Account" and the "1487 Account," collectively with the 9339 Account, the "Accounts"). (*Id.* ¶ 6.)

1

The Client Manual, effective June 18, 2020, governs the Accounts (*id.* ¶ 7), and Plaintiffs agreed to be bound by its terms on October 22, 2021 (*id.* ¶ 8).

The Client Manual contains the conspicuous Arbitration Provision, which states that it is governed by the FAA and the laws governing the account relationship, and "[a]ny questions about whether Disputes are subject to arbitration shall be resolved by interpretating this arbitration provision in the broadest way the law will allow it to be enforced."  (Haslam Decl. Ex. 2 at pg. 59.)

The Arbitration Provision defines "Disputes" as "any claims, dispute or controversy between you and us arising out of or related to your account(s), a previous related account or our relationship," and provides, with limited exceptions, that:[1]

> [A]ll Disputes are subject to arbitration no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek, including claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of laws . . . Disputes include any unresolved claims concerning any services relating to such account, including without limitation, safe deposit box services, wire transfer services, and use of a Citibank Banking Card or Citibank Banking Card displaying the MasterCard Brand Mark.

(Haslam Decl. Ex. 2 at pg. 59.)

Plaintiffs commenced this action on October 14, 2022, alleging that Citibank's handling of a fraudulent wire transfer from the 9339 Account and the related investigation amounted to: (i) a violation of the Electronic Fund Transfer Act of 1978 (the "EFTA"), 15 U.S.C. § 1693(b) et seq., (ii) a violation of N.Y. General Business Law § 349(a), and (iii) a breach of Citibank's duty of good faith and fair dealing imposed under Section 1-203 of New York State's Uniform Commercial Code.

---

[1] Those exceptions – for small claims matters and certain claims initiated by Citibank – are not at issue here.  (Haslam Decl. Ex. 2 at pg. 60.)

Citibank now moves for an Order, compelling Plaintiffs to arbitrate the claims asserted in the Complaint and staying further proceedings in this Action pending the completion of the arbitration.

## ARGUMENT

### I.      STANDARD OF REVIEW

On a motion to compel arbitration, courts apply a "standard similar to that applicable for a motion for summary judgment." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 299 (2d Cir. 2016) (internal quotation marks and citations omitted).  "[W]here the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, [a court] may rule on the basis of that legal issue and avoid the need for further court proceedings." *Wachovia Bank, N.A. v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 172 (2d Cir. 2011) (quotation omitted).

### II.     THE FEDERAL ARBITRATION ACT APPLIES TO THIS ACTION

Section 2 of the FAA mandates that binding arbitration agreements in contracts "evidencing a transaction involving commerce . . . shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2. Here, the Arbitration Provision specifically states that it is governed by the FAA.  (Haslam Decl. Ex. 2 at pg. 59.)   Moreover, the FAA is extremely broad and generally applies to any transaction directly or indirectly affecting interstate commerce.  *See*, *e.g.*, *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995); *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 400 (S.D.N.Y. 2003) ("When a contract contains a written arbitration clause and concerns a transaction involving commerce, the [FAA] governs.") (citation omitted).  Therefore, since this Action arises out of transactions between Plaintiffs (New York residents) and Citibank, a federally chartered bank located in South Dakota, the FAA applies.

Section 4 of the FAA permits a party to an arbitration agreement to petition a district court

for an order compelling arbitration where, as here, a party fail[s], neglect[s], or refuse[s] . . . [t]o

arbitrate" under the terms of an arbitration agreement.  9 U.S.C. § 4.  In deciding whether to grant

this relief, courts consider two questions: "(1) whether the parties agreed to arbitrate, and, if so,

(2) whether the scope of that agreement encompasses the claims at issue." *Bank Julius Baer &*

*Co. v. Waxfield Ltd.*, 424 F.3d 278, 281 (2d Cir. 2005) (alteration and internal quotation marks

omitted), *abrogated on other grounds by Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S.

287 (2010).  Here, as explained below, Plaintiffs entered into a valid arbitration agreement with

Citibank, and the Action falls within the scope of that agreement.  Therefore, the Court must

compel arbitration of Plaintiffs' claims.  *See Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213,

218 (1985) (FAA "leaves no place for the exercise of discretion" and "mandates that . . . courts . .

. direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been

signed.").

## III.   PLAINTIFFS ENTERED INTO A VALID ARBITRATION AGREEMENT WITH CITIBANK.

When confronted with a contract containing an arbitration provision, a court must "decide

whether the parties to a contract have agreed to arbitrate disputes," and that "question is governed

by state-law principles of contract formation." *Starke v. Squaretrade, Inc.,* 913 F.3d 279, 288 (2d

Cir. 2019) (internal citations omitted).  The Client Manual is governed by New York law.  (Haslam

Decl. Ex. 2 at pg. 10.)  Accordingly, New York law applies to determine whether a valid agreement

to arbitrate therein exists.  "New York contract law presumes that a written agreement is valid and

that it accurately reflects the intention of the parties, and imposes a heavy burden on the party

seeking to disprove those presumptions." *Aviall, Inc. v. Ruder System, Inc.* 913 F. Supp. 826, 831

(S.D.N.Y. 1996).  In addition, "New York law also has a 'long and strong public policy' favoring

the enforcement of arbitration agreement." *Lobel v. CCAP Auto Lease, Ltd.* 74 Misc. 3d 1230(A) (N.Y.Sup. Ct. 2022) (collecting cases). Therefore, here, there is a strong presumption that the parties entered into a valid arbitration agreement by agreeing to the terms of the Client Manual. (Haslam Decl. Ex. 1.)

Additionally, "in light of the strong federal policy in favor of arbitration, the existence of a broad agreement to arbitrate[,]" like the Arbitration Provision, "creates a presumption of arbitrability[.]" *Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 99 (2d Cir. 1999). Parties resisting arbitration bear "the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. Ala. v. Randolph*, 531 U.S. 79, 91 (2000). Plaintiffs have not and cannot demonstrate "such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2, such as "fraud, duress, or unconscionability." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotation marks and citation omitted).

## IV.   PLAINTIFFS' CLAIMS AGAINST CITIBANK FALL WITHIN THE SCOPE OF THE ARBITRATION PROVISION

Once a binding arbitration agreement has been established, an "order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Tech., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 650 (1986). In this Action, the Arbitration Provision is extremely broad, and encompasses all "Disputes" – defined as "any claims, dispute or controversy between you and us arising out of or related to your account(s), a previous related account, or our relationship" – regardless of "what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek" (Haslam Decl. Ex. 2 at pg. 59). Accordingly, there is a heightened presumption of arbitrability, such that "only the most forceful

evidence of a purpose to exclude the claim from arbitration can prevail,'" *Commc'ns Workers of Am.,* 475 U.S. at 650; *see also Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.,* 58 F.3d 16, 20 (2d Cir. 1995) (holding that a clause "submitting to arbitration 'any claim or controversy arising out of or relating to the agreement,' is the paradigm of a broad clause" and thus establishes a presumption of arbitrability); *Hatemi v. M & T Bank,* 633 F. App'x 47, 48-49 (2d Cir. 2016) (summary order) (finding that claims relating to bank overdraft fees fell within the scope of an agreement to arbitrate "[e]ach dispute or controversy that arises out of or is related to your account").

Moreover, the broad Arbitration Provision expressly provides that claims relating to "wire transfer services" are subject to arbitration. Plaintiffs' claims, which relate to their Citibank account, the 9339 Account, and related wire transfer services "aris[e] out of or relate[] to . . . a previous related account or [the] relationship" between Plaintiffs and Citibank (Haslam Decl. Ex. 2 at pgs. 59). It is therefore inarguable that Plaintiffs' claims are governed by the Arbitration Provision and are subject to arbitration. Accordingly, this Court should grant Citibank's motion and compel the arbitration of Plaintiffs' claims.

## V. THE GATEWAY ARBITRABILITY ISSUES ARE DELEGATED TO THE ARBITRATOR

Since Plaintiffs and Citibank validly contracted to arbitrate the claims asserted in the Complaint, all remaining questions of arbitrability have been delegated to an arbitrator and should not be determined by this Court. In that regard, it is well-established law that parties to a contract can agree to arbitrate "gateway" questions of arbitrability, which are "(1) whether there exists a valid agreement to arbitrate at all under the contract in question . . . and, if so, (2) whether the particular dispute sought be arbitrated falls within the scope of the arbitration agreement." *See Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001).

Here, the Arbitration Provision expressly states that it governs "gateway issues," including "claims relating to the enforceability or interpretation of any of these arbitration provisions." (Haslam Decl. Ex. 2 at 59.)    Accordingly, where, as here, there "is clear and unmistakable evidence" that the parties have agreed to arbitrate these gateway issues, the arbitrator—and not the Court—should decide them. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 79 (2010); *see also Shaw Grp., Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 121 (2d Cir. 2003).

## VI.   THIS COURT SHOULD COMPEL ARBITRATION AND STAY THIS ACTION PENDING ARBITRATION

Where claims must be arbitrated pursuant to a valid arbitration agreement and a stay is requested, the FAA expressly provides that the court "*shall* . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3 (emphasis added).   The Second Circuit has held that this provision "creates an obligation impervious to judicial discretion," and "command[s]" that "a stay of proceedings [is] necessary after all claims have been referred to arbitration and a stay requested." *Katz v. Cellco P'ship,* 794 F.3d 341, 345 (2d Cir. 2015) (internal quotation marks and citation omitted); *see also Espinosa v. SNAP Logistics Corp.*, No. 17-6383, 2018 WL 9563311, at *6 (S.D.N.Y. Apr. 3, 2018) ("Where a court [] compels arbitration pursuant to a written agreement, both the FAA and New York law mandate that the action be stayed pending arbitration.").   Accordingly, since the parties have agreed to arbitrate this dispute, Citibank respectfully requests that this Court stay the Action pending completion of arbitration pursuant to the express terms of the Arbitration Provision.

## CONCLUSION

For the foregoing reasons, Citibank respectfully requests that this Court grant defendant Citibank, N.A.'s motion, and issue an Order: (i) pursuant to 9 U.S.C. § 1, *et seq.*, compelling arbitration of Plaintiffs' claims in accordance with the express terms of the valid and enforceable

Arbitration Provision; (ii) staying this action pending the completion of arbitration proceedings

and (iii) granting such other and further relief as this Court deems just, proper, and/or equitable.


Dated: New York, New York
       December 16, 2022

Respectfully submitted,

    /S/   *Tyler J. Kandel*
Tyler J. Kandel
SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000
(212) 643-6500 (fax)
tkandel@sillscummis.com

*Attorneys for Defendant Citibank, N.A.*